**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1905

_____


SURENDER MALHAN,

                                  Appellant

v.

ATTORNEY GENERAL NEW JERSEY; JOHN DOES 1 TO 10;
CITY OF BAYONNE

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-08889)
District Judge: Honorable Susan D. Wigenton

_____


Argued on November 18, 2020

Before: AMBRO, BIBAS and ROTH, Circuit Judges

(Opinion filed:  March 4, 2021)


Paul A. Clark          (Argued)
Suite 1N
10 Huron Avenue
Jersey City, NJ 07306
            Counsel for Appellant



Gurbir S. Grewal
Matthew J. Lynch     (Argued)

Melissa Raksa
Office of Attorney General of New Jersey
Division of Law
25 Market Street
Hughes Justice Complex
1st Floor, West Wing
Trenton, NJ 08625

        Counsel for Appellee Attorney General of New Jersey


R. Scott Fahrney, Jr.(Argued)
Kaufman Semeraro & Leibman
Two Executive Drive
Suite 530
Fort Lee, NJ 07024

        Counsel for Appellee City of Bayonne

_____

OPINION[*]

_____

AMBRO, Circuit Judge

Surender Malhan sued New Jersey's Attorney General (the "AG") and the City of Bayonne (the "City" together with the AG, the "Government Defendants") after he was prosecuted for charges of stalking and harassment that were later dismissed. For the reasons explained below, we affirm the District Court's dismissal of Malhan's claims for declaratory and injunctive relief, as well as its grant of summary judgment in favor of the City on Malhan's malicious-prosecution claim.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Since 2011, Malhan has been in contentious divorce and custody proceedings with his estranged wife, Alina Myronova. The dispute resulted in several lawsuits in federal court. *See, e.g.*, *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 455 (3d Cir. 2019). At issue here are several charges against Malhan for stalking and harassment between 2015 and 2017. In June 2015, based on an incident report filed by Myronova's boyfriend, Jeffrey Rothstein, the City charged Malhan with a single count of harassment in violation of N.J. Stat. Ann. 2C:33-4. It dismissed that charge a month later, and Malhan and Rothstein agreed to a mutual no-contact order. In June 2016, Myronova filed a domestic violence harassment and stalking incident report, alleging Malhan had been threatening her and requesting a temporary restraining order ("TRO"). After concluding there was probable cause for the harassment (N.J. Stat. Ann. 2C:33-4A) and stalking (N.J. Stat. Ann. 2C:12-10B) charges, the Bayonne City Municipal Court issued a Complaint-Warrant against Malhan and a TRO prohibiting him from possessing firearms and other weapons. In December 2016, after several days of hearings, the New Jersey Family Court dismissed the TRO against Malhan, finding Myronova to be "incredible and unreasonable" and noting that she "exhibited a lack of candor with the court." App. 408, 414.

After Myronova's 2016 report, the City referred the harassment and stalking charges to the Hudson County Prosecutor. A grand jury in Hudson County indicted Malhan for stalking in March 2017, but there is no evidence they knew about the Family Court's ruling in December 2016. Malhan claims he never received a notice to appear

(allegedly mailed to his apartment building without an apartment number and with his name misspelled) and thus missed his arraignment. He was arrested in April 2017 and spent two weeks in a New York jail. The Hudson County Prosecutor dismissed the criminal indictment in October 2017 and the Bayonne Municipal Court later dismissed the stalking charge on remand. Since then, Malhan has not been subject to a restraining order or charged with harassment or stalking.

Malhan filed suit in the District Court against the Government Defendants. Four counts in his amended complaint sought prospective declaratory and injunctive relief to address asserted constitutional violations, including that 1) New Jersey's harassment statute is overbroad and vague with a chilling effect on free speech (Count I), 2) its broad ban on possession of weapons by those subject to TROs violates due process (Count II), 3) issuing arrest warrants without adequate service of process violates due process (Count III), and 4) the State's custom of granting restraining orders to women but denying them to men violates equal protection (Count V). Malhan also seeks money damages from the City for malicious prosecution under 42 U.S.C. § 1983 (Count IV).

II.

A.    Claims for Declaratory and Injunctive Relief

We exercise plenary review over a trial court's ruling on subject matter jurisdiction. *See Hamilton v. Bromley*, 862 F.3d 329, 333 (3d Cir. 2017). Here, the District Court dismissed Malhan's claims for declaratory and injunctive relief (Counts I, II, and III) because he does not have standing to bring those claims. Although we think the issue is

4

one of mootness and not standing, we agree with the result. *See Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996) (discussing the difference between standing and mootness).

"Under our precedent, a case is moot if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief." *Hamilton*, 862 F.3d at 335 (internal quotation marks and citation omitted). Here, Malhan is no longer subject to a TRO or any charges for stalking or harassment, so he is not suffering any current injury for which we can grant relief. He asserts two exceptions to the mootness doctrine, but neither applies. First, Malhan argues his claims are "capable of repetition yet evading review." However, that exception applies only in "exceptional situations where . . . there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (internal quotation marks and citation omitted). Malhan fails to meet that burden. His assertions of possible repetition are "necessarily predicated on the unique features of a particular series of events." *Id.* at 336 (cleaned up). Myronova and Rothstein have not accused him of stalking or harassment in over three years, and there is no evidence they will do so again. Even if they do, Malhan will be armed with the Family Court's finding as to Myronova's lack of credibility, which is likely to deter future prosecutions based on her allegations. Malhan also has not shown the errors with his address and name may be repeated with future service of process. Indeed, when asked if he could be charged again in the future, Malhan testified only that "anything is possible." Dist. Ct. Op. at 8 n.9. This is the kind of "theoretical possibility" that is "not enough to invoke the capable-of-repetition exception." *Hamilton*, 862 F.3d at 337; *see*

*also City of Los Angeles v. Lyons*, 461 U.S. 95, 110 (1983) (holding that appellant's claim for injunctive relief is moot because "there was no finding that [he] faced a real and immediate threat of [repeated illegal conduct]").

Second, Malhan argues that each dismissal of charges against him in 2016 and 2017 was a voluntary cessation. We recently explained that voluntary cessation should not be viewed as an exception to mootness, but rather "a recurring situation in which courts are particularly skeptical of mootness arguments." *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 307 (3d Cir. 2020). The voluntary cessation doctrine does not apply here because the Government Defendants are not responsible for the cessation. Instead, the Hudson County Prosecutor dropped the criminal charges against Malhan, and the Family Court dismissed the TRO. Malhan provides no evidence the Government Defendants influenced or directed those decisions. On the contrary, while Malhan's situation is regrettable, the evidence suggests the prosecutors and courts did their job and dismissed the charges against Malhan when it was appropriate to do so. In any event, we have no reason to suspect the Government Defendants will resume the alleged unconstitutional conduct against Malhan when this litigation ends. *See Marcavage v. Nat'l Park Serv.*, 666 F.3d 856, 861 (3d Cir. 2012) ("Government officials are presumed to act in good faith." (cleaned up)); *see also Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 54–55 (1st Cir. 2013) (explaining that

voluntary cessation doctrine is concerned with manipulative litigants who alter their behavior "long enough to secure a dismissal and then reinstating it immediately after").[1]

B.    Malicious Prosecution Claim

The District Court granted summary judgment in favor of the City on Malhan's damages claim for malicious prosecution. Dist. Ct. Op. 9. Our review over a grant of summary judgment is anew. *Estate of Smith v. Marasco*, 318 F.3d 497, 505 (3d Cir. 2003). We agree with the District Court for two reasons.[2]

First, probable cause supports the charges against Malhan, thus defeating a malicious-prosecution claim. *Id.* at 521 ("To prove malicious prosecution under section 1983, a plaintiff must show that . . . the proceeding was initiated without probable cause."). The charges were supported by allegations filed by Rothstein and Myronova. Malhan's indictment by a grand jury for stalking further supports probable cause. *See Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 363 (3d Cir. 2003) ("[A] grand

---

[1] The Count V claim for equal protection is moot for the reasons described above, given Malhan is no longer subject to any restraining orders or injunctions. Alternatively, we agree the District Court properly dismissed that claim because Malhan failed to name the fictitious defendants in his complaint. Dist. Ct. Op. 6 n.8. Indeed, the header for Count V in Malhan's Second Amended Complaint asserts the claim against "John Does 1 through 10," but does not name the Government Defendants. App'x 56. To correct this issue, Malhan should have asked the District Court for leave to file an amended complaint, which he did not do.

[2] Malhan argues that he also sought money damages from the City under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). The District Court properly decided that, because Malhan did not raise the *Monell* claim in any of the complaints he filed, he cannot raise it for the first time at summary judgment.

jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute." (quoting *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989))).

Second, Malhan has not shown the City acted maliciously. In fact, he admits that Myronova lied to the City. App'x 151 ("Q. Now, is it your belief that Ms. Myronova lied to the City of Bayonne? A. [Malhan]: Absolutely."). Based on this, no reasonable jury could determine that the City held ill-will against Malhan or recklessly disregarded his rights. In this context, the City appears deceived by the allegations. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987) ("We have recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present.").

\* \* \* \* \*

Accordingly, we affirm the District Court's decision to dismiss Malhan's claims for injunctive and declaratory relief (Counts I, II, III, V), dismiss his *Monell* claim against the City because it was raised for the first time on summary judgment, and grant summary judgment in favor of the City on Malhan's malicious-prosecution claim (Count IV).

8